the less interest may likewise be quieted." (See *Merk* v. *Bowery Mining Co.*, 31 Mont. 298, 78 Pac. 519, and cases cited.)

So far as the record discloses, no criticism was made upon the complaint in the court below, and the averments, "claims to be the owner of," and "claims title in fee," must be held sufficient in the absence of such a seasonable attack. (*Hefferlin* v. *Karlman*, 29 Mont. 139, 74 Pac. 201.) The pleader evidently meant to employ the word "claims" in the sense of "avers" or "alleges." Among other definitions of the word "claim," the Standard Dictionary gives the following: "To hold to be true against implied denial or doubt; affirm; assert." Although this is a loose use of the term, its meaning is plain, and will be held sufficient under circumstances like the foregoing.

This disposes of the only question argued by defendant. It follows that the judgment should be affirmed.

PER CURIAM.—For the reasons stated in the foregoing opinion, the judgment is affirmed.

*Affirmed.*

---

GLENGARRY MINING & MILLING COMPANY, RESPONDENT, *v.* DAVENPORT, APPELLANT.

(No. 1,999.)

(Submitted November 15, 1904.  Decided December 16, 1904.)

*Action to Quiet Title—Pleading.*

For Syllabus, see *Pollock Mining & Milling Co.* v. *Davenport, ante,* page 452.

*Appeal from District Court, Silver Bow County; E. W. Harney, Judge.*

ACTION by Glengarry Mining & Milling Company, a corporation, against Lee Davenport. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

*Messrs. Kirk & Clinton,* for Appellant.

*Mr. F. W. Bacorn,* for Respondent.

PER CURIAM.—This case presents the same question involved in that of *Pollock Mining & Milling Company* v. *Davenport,* decided this day, *ante,* page 452. Therefore, on the authority of the last mentioned case the judgment is affirmed.

*Affirmed.*

----

STATE, RESPONDENT, *v.* HLIBOKA, APPELLANT.

(No. 2,073.)

(Submitted November 19, 1904. Decided December 24, 1904.)

*Murder—Information—Sufficiency.*

Under the Penal Code of Montana, an information charging that accused committed a murder willfully, unlawfully, feloniously and premeditatedly, and of his malice aforethought, charges murder in the first degree, though it fails to use the word "deliberately."

*Appeal from District Court, Cascade County; J. B. Leslie, Judge.*

GEORGE HLIBOKA was convicted of murder in the first degree, and was sentenced to be hanged. From the judgment, and from an order denying his motion for a new trial, he appeals. Affirmed.

*Mr. A. P. McAnelly, Messrs. Greene & Cockrill,* and *Mr. P. H. Leslie,* for Appellant.

The information is insufficient to sustain a verdict or judgment of murder in the first degree. (Constitution of Montana, Art. III, Sec. 16; *Cannon* v. *State,* (Ark.) 31 S. W. 150; *State* v. *Brown,* 21 Kan. 43; *State* v. *Boyle,* 28 Iowa, 522; *State* v.